Ruffin, C. J.
 

 We think his Honor was mistaken upon this point of practice. In support of the decision a passage was cited from
 
 Story’s Equity Pleadings,
 
 s. 461-2-3; which we have looked into and find to be almost literally extracted from
 
 Mitford’s Treutise.
 
 It is to the effect, that when the defendant obtains an order for time, and is afterwards advised to demur, he must also plead to or answer some part of the bill; and answering to some immaterial thing, as denying combination or the like, will not pi event the Court from discharging the demurrer. But the
 
 “
 
 order for time,” spoken of by Lord Redesdai.e, appears in the previous part of the passage to be an order giving the defendant time “ to demur, plead or answer, to the plaintiff’s bill,
 
 but not to demur alone,”
 
 which latter he says, is always the special condition of an order for time iñ England, because it was there considered that counsel could advise, upon sight of the bill, whether a demurrer would lie, and therefore there should be no delay merely
 
 to
 
 demur. There is no doubt, that such is the common order in England, though Lord Redesdale says it may work great injustice and that in proper cases it may be relaxed, upon application for a special order.
 
 Taylor
 
 v.
 
 Milner,
 
 10 Ves. 447. And it is clear that an answer, denying combination and such trifling matter, is not a compliance with the condition, that the party shall not demur alone, but an evasion of it, which will not be allowed.
 
 Steppenton
 
 v.
 
 Gardiner, 2
 
 P. Wms. 286.
 
 Done
 
 v.
 
 Peacock,
 
 3 Atk. 726.
 
 Lee
 
 v.
 
 Pascoe,
 
 1 Bev. C. C. 78. But the course with us has not been to annex to an order for time the condition, that the'defendant should not de
 
 *189
 
 mur alone. The statute, in prescribing rules for pleading enacts, that the defendant shall put in his answer or plea, or demur at the first term, or the bill may be taken
 
 pro confesso,
 
 but it adds, that “ such time shall be allowed for pleadings on both sides as the Court shall direct.” Therefore the whole is at large, and subject to the order of the Court in each case. We are not aware, that it has been the course in this State
 
 to
 
 restrict the order for an extension of time, as it is in England ; and from the situation of the country, and the difficulty often, of obtaining the opinion of counsel before the term for appearance,, and of the counsel’s making up an opinion on the circuit upon sight of the bill during that term, we suppose that such a practice has never prevailed here — at least, not since 1806'. But, however that may be, that was not the nature of the order in this case, which was special and express, that the defendants might answer
 
 or
 
 demur, and without any condition with respect to demurring alone. It might be. ii such a condition bad been annexed to the order, that the defendant would not have accepted the time, but have preferred demurring at once to the whole bill. Therefore the defendant’s pleadings are within the order for time ; and that for taking them off the bill ought to be reversed and discharged. To this effect a certificate must be transmitted to the Court of Equity; and the plaintiff must pay the costs in this Court.
 

 Per Curiam.
 

 Ordered to be certified accordingly.